UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL INGRAM EL,<br><br>Plaintiff,<br><br>v.<br><br>JOE CRAIL; WESTERN MUTUAL INSURANCE; RESIDENCE MUTUAL INSURANCE,<br><br>Defendants. | No. 2:18-cv-1976-MCE-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendants' motion to dismiss plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and defendant Joe Crail's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5).[1] ECF No. 18. As discussed below, the motions must be granted.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] The court determined that oral argument would not be of material assistance in resolving the motions and they were submitted without oral argument pursuant to Eastern District of California Local Rule 230(g).

1

I. <u>Background</u>

Plaintiff's first amended complaint consist largely of rambling and conclusory allegations that are difficult to follow. *See generally* ECF No. 16. Plaintiff refers to himself as a "Moorish National, Consul, Diplomat, Natural Citizen, Moorish Science Temple of America, Moorish Devine and National Movement of the world, [and] Aboriginal Indigenous Moorish American." *Id*. at 5. The amended complaint references the Treaty of Peace and Friendship between Morocco and the United States and cites extensively to caselaw that is largely irrelevant to plaintiff's underlying dispute with defendants; i.e. a denial of an insurance claim. Plaintiff also attached to the complaint what appears to be a page from the Moorish Koran. *Id.* at 16. In a section with the heading "The Unconstitutional 14th Amendment" plaintiff attempts to tie his reference to Moors as somehow establishing diversity of citizenship, *id.* at 6, which as addressed below is lacking here.

In the portions of the complaint that actually identify plaintiff's dispute with defendants it is apparent that he challenges a denial of insurance coverage. Liberally construed, the crux of the amended complaint is that defendants impermissibly refused to pay plaintiff insurance benefits after his home was destroyed by a fire. ECF No. 16 at 10. Plaintiff alleges that he obtained homeowner's insurance from defendants in June 2017. *Id.* at 8. Under the policy's terms, defendants were required to insure "plaintiff against loss or damage by fire, to the amount of $231,000.00 . . . ." *Id*. at 8. On July 21, 2017, plaintiff's home was destroyed by a fire. *Id*. at 10. Plaintiff subsequently submitted a claim documenting the property damage, but defendants allegedly breached the insurance contract "by refusing to answer questions, negotiate or come to mutual agreement with" plaintiff. *Id*. at 11.

As discussed below, plaintiff does not assert a federal question claim and there is no basis for diversity jurisdiction. On that basis, defendants move to dismiss the amended complaint for lack of subject matter jurisdiction. ECF No. 18. Defendant Crail also moves to dismiss for insufficient service of process. *Id*. at 13-14.

/////

/////

2

II. <u>Legal Standards</u>

    1. <u>Rule 12(b)(1)</u>

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id.* If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may consider evidence such as declarations or testimony to resolve factual disputes, *id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

As discussed below, in the instant case the face of the amended complaint demonstrates that subject matter jurisdiction is absent.

III.	Discussion

    1.	Subject Matter Jurisdiction

        a.	Diversity Jurisdiction

Plaintiff alleges that the court has subject matter jurisdiction because the parties' citizenship is diverse. ECF No. 16 at 4-5. Diversity jurisdiction exists where the parties' citizenship is diverse and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). For purpose of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is a citizen of any state where it is incorporated and of the state in which it has it principle place of business. 28 U.S.C. § 1332(c).

In his amended complaint, plaintiff concedes that he and each of the defendants are citizens of California. ECF No. 24 at 8 ("Plaintiff, Michael Ingram El, and the Defendants reside, are Domiciled and or [sic] principally do business in California . . . ."). Despite that concession, he contends that he is "not a resident of California or a Citizen of the United States" because he is

a "Moorish National, Consul, Diplomat, Natural Citizen, Moorish Science Temple of America, Moorish Divine and National Movement of the world, Aboriginal Indigenous Moorish American" and that "Moors are not citizens of the Union States Society." ECF No. 16 at 5. But regardless of plaintiff's eccentric legal characterizations of his citizenship, the complaint identifies facts demonstrating that he resides in California. His home that was damaged or destroyed by the fire is described as being located at "6684 Spoerriwood Court Sacramento, California." ECF No. 16 at 8 & 10. Further, the property was insured as his "dwelling," (*id*. at 9 & 11), and he seeks payments for "[a]dditionl living [e]xpenses." It is clear from plaintiff's complaint that he is a resident of California, which in light of his admission to defendants' California citizenship, defeats diversity jurisdiction.

Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new. *See, e.g., Bey v. Municipal Court*, Nos. 11-7343 (RBK), 11-4351 (RBK), 2012 WL 714575 (D.N.J. Mar. 5, 2012 ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."); *Bey v. White*, No. 2:17-cv-76-RMG-MGB, 2017 WL 934728, at *3 (D.S.C. Feb. 14, 2017) ("If Plaintiff is attempting to assert that he is not subject to law or is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation, such claims fail to state a plausible claim for relief, and in fact, are patently frivolous.").[3]

Plaintiff also asserts the frivolous contention that he is not a California citizen under *Dred Scott v. Sanford*, 60 U.S. 19 (1857), which, according to plaintiff, continues to stand for the proposition that "people called Negro, Black, African, etc. . . are not and can never be citizens of the United States of America . . . ." ECF No. 16 at 6. *Dred Scott's* infamous holding that freed African-Americans are not citizens under the United States Constitution has long since been invalided by the enactment of the Fourteenth Amendment to the United States Constitution. *See, e.g., Tuaua v. United States*, 788 F.3d 300, 304 (D.C. Cir. 2015) (observing that *Dred Scott* was

---

[3] Plaintiff also appears to be alleging that the parties are somehow diverse because the Moorish Science Temple of America is located in Chicago, Illinois (ECF No. 16 at 5). But the relevant inquiry is plaintiff's domiciliary, not the citizenship of an entity that is not a party to this action.

5

"necessarily repudiated with the ratification of the Fourteenth Amendment."); *Jones v. Tozzi*, 1:05CV01480WW DLB, 2005 WL 1490292, at *6 n.5 (E.D. Cal. June 21, 2005) ("Plaintiff may rest assured that *Dred Scott* is no longer the law of the land."). More to the point, it has nothing to do with this insurance dispute or the plaintiff.

Plaintiff, apparently aware that the Fourteenth Amendment has effectively overturned *Dred Scott*, further argues that the Fourteenth Amendment does not apply to him because he is Moorish. He contends that the Moorish Nation "did not sign a treaty with the United States of America agreeing to be citizens" and that "the colonial governing powers colorably [sic] conferred a citizenship status without the Moors' mutual agreement." *Id*. As discussed above, the argument based on plaintiff's predicate that he is necessarily not domiciled in California because he is Moorish is frivolous. *See, e.g., Khattab El v. U.S. Justice Dep't*, No. 86-6863, 1988 WL 5117, at 5 (E.D. Pa. Jan. 22, 1988) ("[T]he United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims.").

Plaintiff has failed to demonstrate diversity of the parties necessary to support diversity jurisdiction.

        b.      <u>Federal Question Jurisdiction</u>

Plaintiff also fails to establish federal question jurisdiction. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, plaintiff appears to contend that there is federal question jurisdiction because under the Treaty of Peace and Friendship between the United States and Morocco, "all issues between the Moorish Americans and European Nations, being of a treaty Nature [sic] are obviously of a federal jurisdiction." ECF No. 16 at 4. Plaintiff also contends that his claim(s) arises under

federal law because "[s]tates cannot make treaties [and] therefore, have no jurisdiction." *Id*. Again, such assertions are patently frivolous.[4] Furthermore, plaintiff's claim(s) are not predicated on any treaty. Rather, plaintiff merely alleges a breach of contract claim against defendants based on their alleged failure to pay insurance benefits. *See generally* ECF No. 16 at 8-12. Consequently, this action does not present a federal question, and plaintiff's first amended complaint must be dismissed for lack of subject matter jurisdiction.

IV. Leave to Amend

The only remaining issue is whether to grant leave to amend. Plaintiff has demonstrated that granting leave to amend would be futile. Plaintiff concedes facts demonstrating that the parties' citizenship is not diverse, and it is clear that plaintiff asserts only a state law claim(s). Further, plaintiff's penchant for asserting frivolous legal arguments weighs strongly against leave to amend. Plaintiff's opposition brief fails to advance any colorable arguments suggesting a basis for subject matter jurisdiction. Simply put, nothing in the amended complaint nor plaintiff's opposition suggests plaintiff could state a claim against defendants over which this court has jurisdiction. Accordingly, dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

V. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 18) be granted;

2. Plaintiff's first amended complaint be dismissed without leave to amend; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[4] Plaintiff also claims that being a Moorish American confers upon him diplomatic status, and that pursuant to 28 U.S.C. § 1364 this court has jurisdiction to hear direct actions against insurers for members of diplomatic missions and their families. Plaintiff is mistaken. *See Bey v. Ind.*, 847 F.3d 559, 559 (7th Cir. 2017) (being a "Moor" does not make a person a sovereign citizen and, unlike being a foreign diplomats, it does not provide immunity from U.S. law).

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE